1

2

3

4

5
UNITED STATES DISTRICT COURT

6
EASTERN DISTRICT OF WASHINGTON

7
MARK W. BROPHY, and SUSAN A.
BROPHY,

8
                         Plaintiffs,

9
      v.

10

11
JPMORGAN CHASE BANK, N.A.;
WASHINGTON MUTUAL BANK;
BANK OF AMERICA N.A.;

12
LASALLE BANK N.A., as Trustee for
Securitized Trust WAMU Mortgage
Pass-Through Certificates, Series 2006-

13
AR11;

14
WAMU ASSET ACCPETANCE
CORP.;

15
NORTHWEST TRUSTEE
SERVICES, INC., and

16
DOES 1–100, inclusive.

17
                    Defendants.

NO:  2:14-CV-0411-TOR

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS

18
      BEFORE THE COURT is Defendant Northwest Trustee Services, Inc.'s

19
Motion to Dismiss for Failure to State a Claim.  ECF No. 5.  Defendant Northwest

20
Trustee Services, Inc. ("NWTS"), is represented by Joseph H. Marshall.  Plaintiffs

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 1

1    are represented by Jill J. Smith.  This matter was submitted for consideration

2    without oral argument.  The Court has reviewed the briefing and the record and

3    files herein, and is fully informed.

4                                        BACKGROUND

5              Plaintiffs filed a complaint in Spokane County Superior Court on October

6    27, 2014, seeking damages and declaratory and injunctive relief.  ECF Nos. 1 at ¶

7    1; 12-2.  That case was removed to this Court on December 22, 2014.  ECF No. 1.

8    On January 26, 2015, Plaintiffs filed a motion for a temporary restraining order to

9    prevent a trustee's sale of the real property that is the subject of this lawsuit.  ECF

10   No. 10.  The Court denied that motion on February 13, 2015.  ECF No. 15.

11             On January 23, 2015, prior to Plaintiffs' motion for a temporary restraining

12   order, Defendant NWTS filed the current motion to dismiss this matter for failure

13   to state a claim upon which relief can be granted.  ECF No. 5.  No other

14   Defendants joined the motion.  Plaintiffs did not initially respond to the motion

15   within the timeframe established by the local rules.  On March 10, 2015, the Court

16   granted in part Plaintiffs' motion for extension of time to file a response pursuant

17   to Federal Rule of Civil Procedure 6(b)(1)(B).  ECF No. 20.  Plaintiffs filed a late

18   response on March 18, 2015.  ECF No. 22.

19   //

20   //

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 2

1

FACTS

2      The following facts are drawn from Plaintiffs' complaint and are accepted as

3 true for the purposes of the instant motion. *Bell Atl. Corp. v. Twombly*, 550 U.S.

4 544, 556 (2007). In July 2006, Plaintiffs obtained a $745,800 loan from Defendant

5 Washington Mutual Bank, N.A. ECF No. 12-2 at ¶¶ 13, 16. The promissory note

6 for this loan was secured by a deed of trust encumbering the subject real property.

7 *Id.* at ¶¶ 13, 16. The promissory note was transferred into the Washington Mutual

8 Pass-Through Certificates Series 2006-ARI for which Defendant LaSalle Bank,

9 N.A., served as trustee. *Id.* at ¶¶ 4, 14.

10     At some point thereafter the note was transferred to Defendant JPMorgan

11 Chase Bank, N.A. ("JPMorgan Chase"), whom Plaintiffs contacted in 2007 in

12 order to refinance or obtain a loan modification. *Id.* at ¶ 37. Defendant JPMorgan

13 Chase, would not consider a modification at that time. *Id.* In 2011, Plaintiffs

14 spoke with a loan officer at a local branch of Defendant JPMorgan Chase. *Id.* at ¶

15 39. They were advised to stop making payments on their mortgage in order for a

16 modification to be granted. *Id.* Following the cessation of payments, Plaintiffs

17 were contacted about a modification. *Id.* at ¶ 40. However, Defendant JPMorgan

18 Chase again denied Plaintiffs' requests for modification. *Id.* at ¶¶ 41, 44.

19     On November 29, 2012, Defendant JPMorgan Chase appointed Defendant

20 NWTS as successor trustee for the deed of trust. ECF Nos. 12-2 at ¶ 51; 6-3.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 3

Plaintiffs allege that the signature on that document of Michelle M. Gill, a vice-president of Defendant JPMorgan Chase, is a forgery.  ECF No. 12-2 at ¶ 52.

Plaintiffs allege further that Gill did not have authority to appoint a successor trustee, that she was not a vice-president at Defendant JPMorgan Chase, and that Defendant JPMorgan Chase's corporate resolution does not authorize Gill to act on its behalf.  *Id.*  Plaintiffs further allege that the signature of the notary public, Bonnie L. Hobbs, is also a forgery and that Hobbs is not a notary public in the state of Ohio.  *Id.* at ¶ 54.  This document was recorded in Spokane County on December 12, 2012.  ECF No. 6-3.[1]  On December 10, 2012, a Beneficiary Declaration was executed by Salwa Ahmad on behalf of Defendant JPMorgan

---

[1] Although the court's review on a 12(b)(6) motion to dismiss is generally limited to the contents of the complaint, "[a] court may consider evidence on which the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).  "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Id.* (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 4

1    Chase averring that "JPMorgan Chase Bank, National Association, is the holder of

2    the promissory note or other obligation evidencing the above-referenced loan.  The

3    trustee may rely upon the truth and accuracy of the averments made in this

4    declaration."  ECF No. 6-2.  For the purpose of this motion, the Court will construe

5    Plaintiffs' complaint to allege this document was also fraudulently executed by

6    Defendant JPMorgan Chase.[2]

7         On October 24, 2014, Defendant NWTS executed a Notice of Trustee's Sale

8    to foreclose on the subject property.  ECF No. 22 at 5.  While the Court denied

9    Plaintiffs a temporary restraining order, the scheduled trustee sale was nevertheless

10   cancelled by Defendant NWTS.  *Id.*

11

12   [2] Plaintiffs contend that the appointment of Defendant NWTS as trustee was done

13   fraudulently through the production of false documents.  *See* ECF No. 12-2 at ¶

14   109–10.  While the complaint does not directly reference the beneficiary statement,

15   the complaint does allege that Defendant JPMorgan Chase "affirmatively

16   misrepresented . . . material facts with the intent that others rely upon such . . .

17   deception in connection with the foreclosure process."  *Id.* at ¶ 112.  The Court

18   construes this argument to encompass the beneficiary statement which is integral to

19   the appointment of a trustee in Washington State and which the Court will treat as

20   a part of the complaint.  *See Marder*, 450 F.3d at 448.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 5

DISCUSSION

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the Plaintiffs' claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014) (per curiam) ("A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 6

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  *See Iqbal*, 556 U.S. at 675.  A complaint fails to state a claim upon which relief may be granted only if it fails to inform the defendants of facts sufficient to show the claims have substantive plausibility.  *See Johnson*, 135 S.Ct. at 347 ("Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.").

In this evaluation, the court should draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Generally, in ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As clarified in Plaintiffs' responsive briefing, Plaintiffs assert only three claims against Defendant NWTS:  (1) violation of the Washington Consumer Protection Act, (2) violation of the Washington Deed of Trust Act, and (3)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 7

declaratory relief.  ECF No. 22 at 7–12.[3]  The Court examines each of Plaintiffs'

claims in turn.

A. Consumer Protection Act

Plaintiffs contend that Defendant NWTS violated Washington's Consumer

Protection Act (CPA).  ECF No. 22 at 7–11.  The CPA declares unlawful "[u]nfair

methods of competition and unfair or deceptive acts or practices in the conduct of

any trade or commerce. . . ."  RCW 19.86.020.  The law provides a private right of

action.  RCW 19.86.093.  To assert a citizen suit, a plaintiff must prove "(1) an

unfair or deceptive act or practice, (2) occurring in trade or commerce, (3)

affecting the public interest, (4) injury to a person's business or property, and (5)

causation."  *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37 (2009) (en

banc) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d

778, 784 (1986)).  A claim under the CPA "may be predicated upon a per se

violation of statute, an act or practice that has the capacity to deceive substantial

portions of the public, or an unfair or deceptive practice not regulated by statute

but in violation of public interest."  *Klem v. Washington Mut. Bank*, 176 Wash.2d

---

[3] Plaintiffs have stated they are not pursuing claims of fraud, negligence, or
emotional distress against Defendant NWTS.  *Id.* at 7, 12.  Accordingly, these
claims will be dismissed with prejudice.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 8

771, 787 (2013). "Whether a particular act or practice is 'unfair or deceptive' is a question of law." *Panag*, 166 Wash.2d at 47 (citing *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash.2d 133, 150 (1997)).

As Defendant NWTS correctly argues, Plaintiffs' complaint does not assert that Defendant NWTS engaged in any unfair or deceptive trade practices. Plaintiffs' only allegations in the complaint relate to the actions of Defendant JPMorgan Chase. *See, e.g.*, ECF No. 12-2 ¶¶ 109 (". . . . Defendant CHASE fabricated a false document (i.e. the appointment of successor trustee) purporting to appoint Defendant Northwest as successor trustee and recorded it in official county records; Defendant CHASE engaged in an unfair or deceptive trade practice."), 110 (". . . . CHASE's action has significantly impacted the public."), 112 ("In violation of the [CPA], the defendant CHASE has affirmatively misrepresented and knowingly concealed, suppressed and failed to disclose material facts with the intent that others rely upon such concealment and deception in connection with the foreclosure process."), 114 ("As a result of the Defendant CHASE's unfair, fraudulent and/or deceptive practices, Plaintiffs have suffered an ascertainable loss of monies and property value.").

Nevertheless, Plaintiffs contend in their response to Defendant NWTS's motion to dismiss that they do have a CPA claim against Defendant NWTS. ECF No. 22 at 7–11. Specifically, Plaintiffs contend that Defendant NWTS engaged in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 9

unfair and deceptive practices by "attempt[ing] at least twice to perform a trustee's sale despite the fact that they were aware that Plaintiffs were seeking a loan modification under the HAMP program, and that legal issues concerning the deed of trust were currently being litigated." *Id.* at 10.  While not a paradigm of clarity, Plaintiffs' response implies that Defendant NWTS abused its discretion in proceeding with the trustee's sales.  The Court construes Plaintiffs' argument as such.

The Washington Supreme Court has stated that the trustee in a nonjudicial foreclosure "undertakes the role of the judge as an impartial third party who owes a duty to both parties to ensure that the rights of both the beneficiary and the debtor are protected." *Klem*, 176 Wash.2d at 790.  "[F]ailing to exercise [the trustee's] independent discretion as an impartial third party with duties to both parties is an unfair or deceptive act or practice and satisfies the first element of the CPA." *Id.* at 792.  While Plaintiffs cite this legal authority in their response, they do not expressly state how Defendant NWTS failed to exercise its discretion in this case. The Court notes the factual distinctions between *Klem* and the record in this case, and it questions whether Plaintiffs can make a valid claim in the same vein as that which the Washington Supreme Court upheld in *Klem*, especially in light of the fact that the trustee sale in this case has in fact been postponed on numerous occasions.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 10

Regardless, Plaintiffs' complaint, as it stands, does not state a CPA claim against Defendant NWTS. The allegations in the complaint relate solely to Defendant JPMorgan Chase's alleged CPA violations. *See* ECF No. 12-2 ¶¶ 109–15. Plaintiffs' specific allegations against Defendant NWTS are made only in their response to the motion to dismiss, and the Court may not look to them in evaluating the sufficiency of the complaint. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). However, it is not clear that Plaintiffs cannot save the claim by amending the complaint. As such, the CPA claim against Defendant NWTS is dismissed with leave to amend within **fourteen (14) days** of the date of this order. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint could not be saved by an amendment.'").

## B. Deed of Trusts

In their responsive briefing—not in their complaint—Plaintiffs allege two grounds on which they argue Defendant NWTS violated the Washington Deed of Trust Act ("DTA"). Plaintiffs allege first that the January 30, 2013, Notice of Trustee sale recorded by Defendant NWTS refers to Defendant JPMorgan Chase as

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 11

Defendant NWTS's "client" and therefore Defendant NWTS "must represent their client's interests and act on their behalf to the exclusion of others." ECF No. 22 at 11–12. "This arrangement necessarily implies that [Defendants] NWTS and JP Morgan Chase are acting as both the trustee and the beneficiary under the same deed of trust." *Id.* at 12.

The DTA states that, but for the United States, "No person, corporation or association may be both trustee and beneficiary under the same deed of trust." RCW 61.24.020. Plaintiffs' allegation in their response is not sufficient to show a plausible violation of this provision.

The Notice of Trustee Sale contains the word "client" in one place at the end of the document which reads as:

**File No**: 7037.99341

**Client**: JPMorgan Chase Bank, N.A.

**Borrower**: Brophy, Mark W and Susan A

ECF No. 6-4 at 5. "As a pragmatic matter, it is the lenders, servicers, and their affiliates who appoint trustees." *Klem*, 176 Wash.2d at 789. The word client in this context does not imply more than that Defendant NWTS was appointed trustee by Defendant JPMorgan Chase. Plaintiffs point to nothing more than this one word to demonstrate that Defendant NWTS acts as both trustee and beneficiary in violation of RCW 61.24.020. Plaintiffs' conclusion is nothing more than a "naked

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 12

1   assertion[] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.  In any

2   case, Plaintiffs' complaint does not contain this allegation or any factual basis for

3   this legal theory, which they assert for the first time in their response to the motion

4   to dismiss.  *See Schneider*, 151 F.3d at 1197 n.1.

5          Plaintiffs also allege in their response that Defendant NWTS violated the

6   DTA because Defendant "NWTS was wrongfully appointed as successor trustee

7   and took the actions of the original trustee including executing and recording

8   Notices of Trustees sales in 2013 and 2014."  ECF No. 22 at 12.  Whatever claim

9   Plaintiffs have regarding the alleged fraudulent execution of the appointment of

10  successor trustee can only be pursued against Defendant JPMorgan Chase, not

11  Defendant NWTS.[4]  The DTA does not impose a duty upon Defendant NWTS to

12  verify the validity of an appointment.  It only requires that prior to a trustee sale of

13  residential real property "the trustee shall have proof that the beneficiary is the

14  owner of any promissory note or other obligation secured by the deed of trust."

15  RCW 61.24.030(7)(a).  A sworn declaration from the beneficiary is sufficient for

16  this purpose and a "trustee is entitled to rely on the beneficiary's declaration as

17

18  [4] Plaintiffs recognize so much in stating "Plaintiffs' claims of Fraud were raised

19  against defendants JP Morgan Chase, N.A., . . . .  The claim of fraud in this case

20  was not brought against Northwest Trustee Services, Inc."  ECF No. 22 at 7.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 13

evidence of proof required under this subsection." RCW 61.24.030(7)(a), (b).

Defendant JPMorgan Chase executed such a sworn beneficiary statement on

December 10, 2012 (ECF No. 6-2), and Defendant NWTS did not violate the DTA

by relying upon that document in the exercise of its duties as trustee even if that

statement was fraudulently executed as Plaintiffs contend.

Finally, the Court cannot award any damages under the DTA unless a trustee

sale has occurred. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash.2d 412, 429

(2014) ("[T]here is no actionable, independent cause of action for monetary

damages under the DTA based on DTA violations absent a completed foreclosure

sale."). The only remedy the Court can afford for a DTA violation prior to a

foreclosure sale is to issue a restraining order or injunction against a scheduled

trustee sale. *See id.* at 429. The previously scheduled trustee sale has been

canceled. ECF No. 22 at 5. The Court is not aware of any pending sale and the

Plaintiffs have not renewed their request for an injunction of any type. As such,

the Court cannot provide relief for a DTA violation, even if one were adequately

pled. The Court therefore dismisses Plaintiffs' DTA claims against Defendant

NWTS without prejudice.

## C. Declaratory Relief

Defendant NWTS contends that Plaintiffs have stated no claim against it

warranting declaratory relief. ECF No. 5 at 20. The Court disagrees. Although

Plaintiffs' complaint, as it currently stands, contains no specific allegations of wrongdoing on the part of Defendant NWTS, Plaintiff seeks declaratory relief that none of the Defendants, including Defendant NWTS, has authority to foreclose on the subject property.  ECF No. 12-2 at ¶ 135.  Plaintiffs allege that the promissory note and deed of trust were never properly transferred to Defendant JPMorgan Chase, and that Defendant JPMorgan Chase therefore lacks any authority to foreclose on the subject property.  Plaintiffs also allege that Defendant JPMorgan Chase did not properly appoint Defendant NWTS as successor trustee.  If Plaintiffs prove either of these claims, Defendant NWTS would have no authority to foreclose on the property even if it has not committed any wrongful action itself. Plaintiff has stated a viable claim for declaratory relief against Defendant NWTS. The motion is denied as to this claim.

//

//

//

//

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant Northwest Trustee Services, Inc.'s Motion  (ECF No. 5) is

   **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiffs' claims for fraud, negligence, and emotional distress <u>as against Defendant Northwest Trustee Services, Inc., only</u> are **DISMISSED** with prejudice.

   b. Plaintiffs' claim for violation of the Washington Consumer Protection Act <u>as against Defendant Northwest Trustee Services, Inc., only</u> is **DISMISSED** with leave to amend within **fourteen (14) days**.

   c. Plaintiffs' claim for violation of the Washington Deed of Trust Act <u>as against Defendant Northwest Trustee Services, Inc., only</u> is **DISMISSED** without prejudice.

   d. The motion is **DENIED** as to Plaintiffs' claim for declaratory relief.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

   **DATED** March 27, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 16