1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7   MARK W.  BROPHY, and SUSAN A. BROPHY, | NO:  2:14-CV-0411-TOR |
| 8 | |
| 9                    Plaintiffs, | ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGEMENT |
| 10        v. | |
| 11   JPMORGAN CHASE BANK, N.A.; and NORTHWEST TRUSTEE SERVICES, INC., | |
| 12 | |
| 13                    Defendants. | |

14        BEFORE THE COURT is Defendant JPMorgan Chase Bank, N.A.'s Motion

15   to Dismiss and/or for Summary Judgement (ECF No. 29).  This matter was

16   submitted for consideration without oral argument.  Defendant JPMorgan Chase

17   Bank, N.A. ("Chase"), is represented by Herbert H. Ray, Jr.  Plaintiffs are

18   represented by Jill J. Smith.  The Court has reviewed the briefing and the record

19   and files herein, and is fully informed.

20   //

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 1

BACKGROUND

Plaintiffs filed a complaint in Spokane County Superior Court on October 27, 2014, seeking damages and declaratory and injunctive relief. ECF Nos. 1 at ¶ 1; 12-2. That case was removed to this Court on December 22, 2014. ECF No. 1. On January 26, 2015, Plaintiffs filed a motion for a temporary restraining order to prevent a trustee's sale of the real property that is the subject of this lawsuit. ECF No. 10. While the Court denied that motion on February 13, 2015, ECF No. 15, the scheduled sale did not occur.

On January 23, 2015, Defendant Northwest Trustee Services, Inc. ("NWTS"), filed a motion to dismiss all claims against it pursuant to Federal Rule of Procedure 12(b)(6). ECF No. 5. The Court granted the motion in part, dismissing all claims against NWTS except Plaintiffs' claim for declaratory relief. ECF No. 25.

On April 28, 2015, Chase filed a motion to dismiss all claims against it pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) or, in the alternative, for summary judgment pursuant to the Federal Rule of Civil Procedure 56. ECF No. 29. Plaintiffs failed to respond to the motion.

STANDARD OF REVIEW

Chase's motion requests the Court to either dismiss the complaint or, alternatively, grant summary judgement in Chase's favor. ECF No. 29. In support

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 2

of this motion, Chase has produced material outside of the pleadings for the Court's consideration. *See* ECF Nos. 29-1; 29-2; 30. As such, the Court will treat Chase's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Chase's motion and supporting declaration were filed on April 28, 2015. ECF Nos. 29; 30. Plaintiffs have been given a reasonable opportunity to respond to the motion and to present all material they believe pertinent to its resolution. *See* Fed R. Civ. P. 12(d). Nonetheless, Plaintiffs failed to file any responsive briefing or material.

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable factfinder could find in favor of the non-moving party. *Id.* at 248, 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient;

1  there must be evidence on which the jury could reasonably find for the plaintiff.").

2  In ruling upon a summary judgment motion, a court must construe the facts, as

3  well as all rational inferences therefrom, in the light most favorable to the non-

4  moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[A] district court is not

5  entitled to weigh the evidence and resolve disputed underlying factual issues."

6  *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Only

7  evidence which would be admissible at trial may be considered. *Orr v. Bank of*

8  *Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

9                                         FACTS

10         In July 2006, Plaintiff's borrowed $745,800.00 from Defendant Washington

11  Mutual Bank, N.A. ("Washington Mutual"), by executing an adjustable rate note.

12  ECF Nos. 12-2 at ¶¶ 13, 16; 30-1. The note was secured by a deed of trust

13  encumbering the subject property. ECF Nos. 12-2 at ¶¶ 13, 16; 6-1. On September

14  25, 2008, Chase acquired the note as part of its purchase and assumption of certain

15  Washington Mutual assets placed in federal receivership. ECF Nos. 29-1; 30 at ¶

16  3; 30-1. Chase has physically held the note since on or about July 20, 2009. ECF

17  No. 30 at ¶ 4.

18         On February 6, 2012, Chase mailed notices of pre-foreclosure options to

19  Plaintiffs. ECF Nos. 30 at ¶ 5; 30-2. On November 29, 2012, Chase appointed

20  NWTS as successor trustee for the deed of trust. ECF Nos. 12-2 at ¶ 51; 6-3. This

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 4

document was recorded in Spokane County on December 12, 2012.  ECF No. 6-3.

On December 10, 2012, a Beneficiary Declaration was executed by Salwa Ahmad

on behalf of Chase averring that Chase held Plaintiffs' note.  ECF No. 6-2.  In

January 2013, NWTS provided Plaintiffs with a final notice of trustee sale, stating

that the loan was in default since June 2011.  ECF No. 6-5.  This scheduled sale

did not occur.

In October 2014, NWTS again provided Plaintiffs with notice of a scheduled

trustee's sale.  ECF No. 29-2.  This notice also indicated that the loan had been in

default since June 2011.  ECF No. 29-2 at 4.  Plaintiffs filed the current lawsuit on

October 27, 2014, asserting claims against Chase, NWTS, and other entities, and

requesting damages and injunctive relief against the sale.  ECF No. 12-2.  After

removal to this Court, the Court denied Plaintiffs' motion for an order restraining

the foreclosure sale.  ECF No. 15.  Nevertheless, the scheduled sale did not take

place and no foreclosure sale has yet occurred.  *See* ECF Nos. 29 at 7; 31 at ¶ 15.

DISCUSSION

Plaintiffs' complaint raises four express claims against Chase.[1]  First,

Plaintiffs contend that Chase has engaged in fraud and misrepresentation in

---

[1] Since Plaintiff has not filed any opposition to Chase's Motion for Summary

Judgment, the Court uses Plaintiff's Complaint as a framework for their

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 5

attempting to foreclose on the subject property without "having acquired all necessary rights."  ECF No. 12-2 at ¶¶ 86, 86–108.  Second, Plaintiffs contend that Chase has violated the Washington Consumer Protection Act, RCW 19.86.010 *et seq.  Id.* at ¶¶ 109–15.  Third, Plaintiffs contend Chase negligently supervised its employees thereby allowing an employee to fabricate a false appointment of successor trustee.  *Id.* at ¶¶ 116–29.  Fourth, Plaintiffs contend that Chase violated the Washington Deed of Trust Act, RCW 61.24.010 *et seq.  Id.* at ¶ 130–40.  Chase contends it is entitled to summary judgment on each of these claims.  ECF No. 29.

I.

Plaintiffs' first cause of action is for fraud and misrepresentation. Specifically, Plaintiffs contend that by "initiat[ing] foreclosure proceedings on or about November 29, 2012," Chase "misrepresented to the plaintiff that it was the real party in interest by having acquired all necessary rights under Plaintiffs' promissory note and/or deed of trust, when in fact it did not."  ECF No. 12-2 at ¶ 86.  Plaintiffs' argument boils down to two assertions.

First, Plaintiffs assert that Chase never properly acquired the note or deed of trust, and therefore has no right to foreclose on the property.  *Id.* at ¶¶ 87, 127–28.

---

contentions, realizing, however, that the Complaint is not verified and therefore provides no evidentiary value.

Chase has produced evidence that it physically holds the note which was indorsed in blank by a Washington Mutual vice president.  ECF Nos. 30 at ¶ 4; 30-1 at 7.  A note indorsed in blank is payable to the bearer.  RCW 62A.3-205(b).  Thus, the obligation under the note is payable to Chase as holder of the note.  As the "holder of the instrument or document evidencing the obligations secured by the deed of trust," Chase is also the beneficiary of the deed of trust encumbering the subject property.  RCW 61.24.005(2); ECF No. 6-1.  As the beneficiary, Chase has a right to request the trustee to foreclose the subject property to secure payment of the obligation due under the note.  RCW 61.24.020; *see also Corales v. Flagship Bank, FSB*, 822 F. Supp. 2d 1102, 1107 (W.D. Wash. 2011).  Plaintiffs have failed to demonstrate a genuine issue of material fact to preclude summary judgment on this issue.  Chase is entitled to judgment as a matter of law.

Second, Plaintiffs' complaint asserts that the securitization of the mortgage changed its character and made it unenforceable.  ECF No. 12-2 at ¶¶ 30, 31, 93.  Federal courts have consistently rejected this argument because the transfer of a mortgage into investment holdings does not change the borrower's obligations under the note or the right of the note holder(s) to enforce those obligations.  *See, e.g.*, *Thompson v. Bank of Am.*, N.A., 773 F.3d 741, 749 (6th Cir. 2014) ("[S]ecuritization of a note does not alter the borrower's obligation to repay the loan.  Securitization is a separate contract, distinct from the borrower's debt

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 7

obligations under the note."); *In re Nordeen*, 495 B.R. 468, 478 (B.A.P. 9th Cir. 2013) (citing cases); *In re Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011) ("Under established rules, the maker should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note.  Or, to put this statement in the context of this case, the Veals should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they do know who they should pay."). Plaintiffs have failed to demonstrate a genuine issue of material fact warranting resolution at trial.  Chase is entitled to judgment as a matter of law.

## II

Plaintiffs' second cause of action alleges that Chase violated the Washington Consumer Protection Act ("CPA").  Plaintiffs allege in particular that Chase "fabricated a false document (i.e. the appointment of successor trustee) purporting to appoint [NWTS] as successor trustee and recorded it in official county records;

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 8

[Chase] engaged in unfair or deceptive trade practice."  ECF No. 12-2 at ¶ 109; *see also id.* at ¶¶ 112–13.[2]

To prevail on a CPA claim, Plaintiffs "must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986).  Plaintiffs must prove all five elements to establish liability.  *Id.* at 784.  To demonstrate Chase engaged in an unfair or deceptive act or practice, Plaintiffs may show "either that an act or practice has a capacity to deceive a substantial portion of the public, or that the alleged act constitutes a per se unfair trade practice."  *Saunders v. Lloyd's of London*, 113 Wash.2d 330, 344 (1989) (internal quotation marks omitted).  "Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance."  *Walker v. Quality Loan Serv. Corp.*, 176 Wash.App. 294, 318 (2013).   To establish a per se violation, Plaintiffs

---

[2] The Court previously dismissed Plaintiffs' CPA claim against NWTS because the complaint contained no factual allegations against NWTS with regard to this claim.  *See* ECF No. 25 at 11.  The Court granted Plaintiffs leave to amend their complaint in order to save the claim.  *Id.*  However, Plaintiffs failed to do so.

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 9

must show "that a statute has been violated which contains a specific legislative declaration of public interest impact." *Hangman Ridge*, 105 Wash.2d at 791.

The sole allegation of an unfair or deceptive act alleged in Plaintiffs' complaint is that the appointment of successor trustee was fraudulently executed. The appointment of successor trustee was executed on November 29, 2012. ECF No. 6-3. It indicates that Chase is the present beneficiary of the deed of trust and purports to appoint NWTS as successor trustee under the deed of trust. *Id.* It is signed by Michelle M. Gill as Vice President of Chase. *Id.* It is also certified by Bonnie L. Hobbs, a notary public of the State of Ohio, who affixed her signature and seal to the document. *Id.*

Plaintiffs "allege that the signature of Michelle M. Gill, purported Vice-President is a forgery. In fact, Michelle M. Gill does not exist, nor is she authorized to appoint a successor trustee." ECF No. 12-2 at ¶ 52. Plaintiffs also "allege that Bonnie L. Hobbs is not a Notary Public in and for the state of Ohio, and neither did she sign the purported 'appointment of successor trustee' document/instrument. In fact, Bonnie L. Hobbs' signature is a forgery." *Id.* at ¶ 54.

Here, the date of execution, the name of the notary, the title and seal of her office, the limits of her jurisdiction and the expiration of her commission, all identify the notary and constitute prima facie evidence of the fact that the

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    Appointment of Successor Trustee was properly executed with authority by

2    Michelle M. Gill, Vice President of JPMorgan Chase Bank, N.A.  ECF No. 6-3;

3    *Stern v. Bd. of Elections of Cuyahoga Cty*., 14 Ohio St.2d 175, 181, 237 N.E.2d

4    313, 317 (1968) (a notary's jurat is prima facie evidence of the fact that the

5    affidavit was properly made before such notary); *see also* RCW 42.44.080(9)

6    ("The signature and seal or stamp of a notary public are prima facie evidence that

7    the signature of the notary is genuine and that the person is a notary public.").

8    Since the appointment and oath were administered in the State of Ohio, Ohio law

9    applies.  The very purpose of a notary is to provide proof of the authenticity of

10   signatures on official documents.  Plaintiff's allegations and speculation do not

11   overcome this prima facie proof.

12        Plaintiffs have failed to demonstrate a genuine issue of material fact

13   warranting resolution at trial.  Chase is entitled to judgment as a matter of law on

14   this claim.

15                                        III

16        Plaintiffs' third cause of action is for negligence.  Specifically, Plaintiffs

17   contend Chase had "a legal duty not to fabricate a false/invalid appointment" and

18   that Chase breached this duty by "failing to supervise its own employee and/or

19   agent."  ECF No. 12-2 at ¶¶ 117–18.  Plaintiffs contend they have suffered a

20

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 11

number of physical injuries in addition to the potential foreclosure of the subject property.  ECF No. 12-2 at ¶¶ 118.

The elements of negligence are (1) duty to the plaintiff, (2) breach of that duty, and (3) injury which is (4) proximately caused by the breach.  *See, e.g.*, *Hertog v. City of Seattle*, 138 Wash.2d 265, 275 (1999).  "The theory of negligent supervision creates a limited duty to control an employee for the protection of third parties, even where the employee is acting outside the scope of employment." *Niece v. Elmview Grp. Home*, 131 Wash.2d 39, 51 (1997).

Chase asserts Plaintiffs' negligence claim fails because "[t]he Appointment was properly executed and notarized and presumed valid, as it contained as [sic] Certificate of Acknowledgment."  ECF No. 29 at 19.

As the Court just stated, the notarized signature constitutes prima facie evidence of the fact that the Appointment of Successor Trustee was properly executed with authority by Michelle M. Gill, Vice President of Chase.  Plaintiffs have failed to demonstrate a genuine issue of material fact warranting resolution at trial.  Chase is entitled to judgment as a matter of law on this claim.[3]

---

[3] To the extent Plaintiffs rehash their securitization argument in the "negligence" section of their complaint, ECF No. 12-2 at ¶120–29, the Court's previous conclusion applies and Chase is entitled to summary judgment on that issue.

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 12

IV

Plaintiffs' fourth cause of action is for violation of the Washington Deed of Trust Act ("DTA").  Specifically, Plaintiffs contend Chase does "not have the right to foreclose on the Property because [Chase] failed to perfect any security interest in the Property" and Chase cannot prove to the Court that it has "a valid interest as a real part in interest to foreclosure."  ECF NO. 12-2 at 131.[4]

While Plaintiffs assert in this section of their complaint that Chase has violated the DTA, they cite to sections of Article 3 of the Uniform Commercial Code, as codified by Washington.  *See* ECF No. 12-2 at ¶ 133 (citing "RCWA 62A.3-201through RCWA 62A.3-208").  The Court has already discussed Chase's right under Article 3, as holder of the note indorsed in blank, to enforce the obligations due under the note.  *See* RCW 62A.3-205(b).  To the extent Plaintiffs' DTA claim rehashes arguments presented earlier, Chase is entitled to judgment as a matter of law.

To the extent Plaintiffs actually allege a claim under the DTA, they can maintain no action for damages because there has yet to be a foreclosure sale. *Frias v. Asser Foreclosure Servs., Inc.*, 181 Wash.2d 412, 429 (2014).  The only

---

[4] The Court has already dismissed Plaintiffs' DTA claims against NWTS.  ECF No. 25 at 11–14.

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    remedy the Court can afford for a DTA violation prior to a foreclosure sale is to

2    issue a restraining order or injunction against a scheduled trustee sale. *Id.* at 429.

3    But the grounds advanced by Plaintiffs herein do not support such a remedy, as the

4    Court has rejected each and every one of them.  The Court therefore dismisses

5    Plaintiffs' DTA claims against Chase.

6                                                        V

7            Plaintiffs' complaint is interspersed with references to a number of other

8    theories of liability.  Chase has moved to dismiss these claims or, in the alternative,

9    for summary judgment on each.  ECF No. 29 at 15–16, 19–21.

10           Plaintiffs' complaint raises certain claims against Washington Mutual

11   regarding the origination of the note and deed of trust.  ECF No. 12-2 at ¶¶ 32–33.

12   Chase has produced the Purchase and Assumption Agreement under which it

13   obtained Washington Mutual's assets.  ECF No. 29-1.  Article 2.5 expressly

14   disclaims Chase's assumption of any liability associated with borrower claims

15   "related in any way to any loan or commitment to lend" made by Washington

16   Mutual.  *Id.* at 9.  Plaintiffs have not rebutted this material to establish there is a

17   genuine dispute whether Chase assumed liability for any possible claims against

18   Washington Mutual relating to the origination of their loan.  As such, Chase is

19   entitled to judgment as a matter of law.

20

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 14

1    Chase also contends that any other claims mentioned in the complaint are

2    insufficiently pleaded and must be dismissed pursuant to Federal Rule of Civil

3    Procedure 12(b)(6).  The complaint makes passing references to alleged liability

4    under "the federal and Washington fair debt collection and practices act," "mail

5    and wire fraud," "intentional infliction of emotional distress, rescission," and

6    "T.I.L.A., R.E.S.P.A., and H.O.E.P.A."  ECF No. 12-2 at ¶¶ 83, 85, 121.  Such

7    conclusory allegations are insufficient to survive Rule 12(b)(6) dismissal.  *See*

8    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As there is no plausible factual basis

9    for any of these claims, the Court concludes that amendment of the complaint

10   would be futile and therefore dismisses the claims without leave to amend.  *See*

11   *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

12                                                   VI

13   Finally, Chase seeks an order holding that the Plaintiffs "are not the rightful

14   owners of the Property, and are not entitled to quiet title or permanent injunctive

15   relief."  ECF No. 29 at 21.  "An action to quiet title is an equitable proceeding that

16   is designed to resolve competing claims of ownership to property.  It is a long-

17   standing principle that the plaintiff in an action to quiet title must succeed on the

18   strength of his own title and not on the weakness of his adversary."  *Bavand v.*

19   *OneWest Bank, F.S.B.*, 176 Wash.App. 475, 502 (2013) (internal quotation marks,

20   alterations, and footnotes omitted).

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 15

1    In their complaint, Plaintiffs rely solely on alleged deficiencies in

2  Defendants' title claims to argue for declaratory relief and to quiet title to the

3  subject property.  *See* ECF No. 12-2 at 35.  They make no claim to their own

4  strength of title which would defeat the lien created by the deed of trust.  As such,

5  the quiet title claim fails as a matter of law and is also dismissed.

6  **ACCORDINGLY, IT IS HEREBY ORDERED:**

7    1.  Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and/or for

8        Summary Judgment (ECF No. 29) is **GRANTED.**

9  The District Court Executive is hereby directed to enter this Order and furnish

10  copies to counsel.

11    **Dated** July 31, 2015.

12

13

14                              THOMAS O. RICE
15                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

ORDER ON DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR
SUMMARY JUDGMENT ~ 16