1

2

3

4

5               UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF WASHINGTON

7   MARK W. BROPHY, and SUSAN A.
    BROPHY,                                    NO: 2:14-CV-0411-TOR
8
                          Plaintiffs,          ORDER GRANTING DEFENDANT
9                                              NORTHWEST TRUSTEE SERVICES,
         v.                                    INC.'S MOTION FOR SUMMARY
10                                             JUDGMENT
    JPMORGAN CHASE BANK, N.A.;
11  and NORTHWEST TRUSTEE
    SERVICES, INC.,
12
                          Defendants.
13       BEFORE THE COURT is Defendant Northwest Trustee Services, Inc.'s

14  Motion for Summary Judgment (ECF No. 44).  This matter was submitted for

15  consideration without oral argument.  Defendant Northwest Trustee Services, Inc.

16  ("NWTS") is represented by Brian Sommer.  Plaintiffs Mark W. Brophy and Susan

17  A. Brophy are represented by Jill J. Smith.  The Court has reviewed the briefing

18  and the record and files herein, and is fully informed.

19  ///

20  ///

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION FOR SUMMARY JUDGMENT ~ 1

**BACKGROUND**

Plaintiffs filed a complaint in Spokane County Superior Court on October 27, 2014, seeking damages and declaratory and injunctive relief. ECF Nos. 1 at ¶ 1; 12-2. That case was removed to this Court on December 22, 2014. ECF No. 1.

On January 23, 2015, NWTS filed a motion to dismiss all claims against it pursuant to Federal Rule of Procedure 12(b)(6). ECF No. 5. The Court granted the motion in part, dismissing all claims against NWTS except Plaintiffs' claim for declaratory relief. ECF No. 25.

On April 28, 2015, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a motion for summary judgment. ECF No. 29. The Court granted the motion on July 31, 2015. ECF No. 43.

On August 19, 2015, NWTS filed a motion for summary judgment as to Plaintiffs' claim for declaratory relief. ECF No. 44. Plaintiffs filed a late response on October 7, 2015. ECF No. 47. NWTS filed a reply. ECF No. 48.

**FACTS**

In July 2006, Plaintiffs obtained a $745,800 loan from Washington Mutual Bank, N.A. ECF No. 12-2 at ¶ 13. The promissory note for this loan was secured by a deed of trust encumbering the subject real property. *Id.* at ¶¶ 13, 16. On September 25, 2008, Chase acquired the note as part of its purchase and assumption of certain Washington Mutual assets placed in federal receivership.

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT ~ 2

ECF Nos. 29-1; 30 at ¶ 3; 30-1.  Chase has physically held the note since on or about July 20, 2009.  ECF No. 30 at ¶ 4.

Plaintiffs first contacted Chase in 2007 in order to refinance or obtain a loan modification.  ECF No. 12-2 at ¶ 37.  Chase would not consider a modification at that time.  *Id.*  In 2011, Plaintiffs spoke with a loan officer at a local branch of Chase.  *Id.* at ¶ 39.  They were advised to stop making payments on their mortgage in order for a modification to be granted.  *Id.*  Following the cessation of payments, Plaintiffs were contacted about a modification.  *Id.* at ¶ 40.  However, Chase again denied Plaintiffs' requests for modification.  *Id.* at ¶¶ 41, 44.

On February 6, 2012, Chase mailed notices of pre-foreclosure options to Plaintiffs.  ECF Nos. 30 at ¶ 5; 30-2.  On November 29, 2012, Chase appointed NWTS as successor trustee for the deed of trust.  ECF Nos. 12-2 at ¶ 51; 6-3.  This document was recorded in Spokane County on December 12, 2012.  ECF No. 6-3.  Plaintiffs allege that the signature on that document of Michelle M. Gill, a vice-president of Defendant JPMorgan Chase, is a forgery.  ECF No. 12-2 at ¶ 52.  Plaintiffs allege further that Gill did not have authority to appoint a successor trustee, that she was not a vice-president at Defendant JPMorgan Chase, and that Defendant JPMorgan Chase's corporate resolution does not authorize Gill to act on its behalf.  *Id.*  Plaintiffs further allege that the signature of the notary public, Bonnie L. Hobbs, is also a forgery and that Hobbs is not a notary public in the state

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT ~ 3

of Ohio.  *Id.* at ¶ 54.  On December 10, 2012, a Beneficiary Declaration was executed by Salwa Ahmad on behalf of Chase averring that Chase held Plaintiffs' note.  ECF No. 6-2.

In January 2013, NWTS provided Plaintiffs with a final notice of trustee sale, stating that the loan was in default since June 2011.  ECF No. 6-5.  This scheduled sale did not occur.

In October 2014, NWTS again provided Plaintiffs with notice of a scheduled trustee's sale.  ECF No. 29-2.  This notice also indicated that the loan had been in default since June 2011.  ECF No. 29-2 at 3.  Plaintiffs filed the current lawsuit on October 27, 2014, asserting claims against Chase, NWTS, and other entities, and requesting damages and injunctive relief against the sale.  ECF No. 12-2.  After removal to this Court, the Court denied Plaintiffs' motion for an order restraining the foreclosure sale.  ECF No. 15.  Nevertheless, the scheduled sale did not take place and no foreclosure sale has yet occurred.  *See* ECF Nos. 29 at 7; 47 at 3.

## DISCUSSION

### I.    Defendant's Argument to Strike Plaintiffs' Response

In its Reply Brief, NWTS argues Plaintiffs' Response Brief (ECF No. 47) should be stricken in its entirety as (1) untimely and (2) non-responsive.  *See* ECF No. 48 at 3.  The Court will address each argument in turn below.

### a. Timeliness

Pursuant to Local Rule 7.1(b)(2)(B), the opposing party has 21 days to file a response to a dispositive motion.  The failure to timely file a response may be considered by the Court as "consent to the entry of an order adverse to the [defaulting] party[.]"  LR 7.1(d).  Plaintiffs filed their response to the instant motion on October 7, 2015, well past the 21-day deadline required under the Local Rules.  NWTS asks that Plaintiffs' response be stricken as untimely.  Plaintiffs do not provide an explanation as to why their response was late nor do they move the Court to consider their late response.

The Court construes Plaintiffs' act of filing a late response as a request to consider their brief past the deadline.  Pursuant to Federal Rule of Civil Procedure 6(b)(1) "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . .  (B) on a motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395 (1993)).  Excusable neglect "covers cases of negligence, carelessness and inadvertent mistake."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

First, the Court finds minimal prejudice to NWTS or impact on judicial proceedings.  Despite the delay in Plaintiffs' response, NWTS was still afforded a chance to file a reply and will still have a full hearing of the merits of its motion for summary judgment.  On the other hand, Plaintiffs' have not proffered a reason for the delay.  The Court presumes the delay is due to counsel's negligence.  However, such a weak reason can still establish excusable neglect.  *See id.* at 1225 (finding excusable neglect where counsel "showed a lack of regard for his client's interests and the court's docket.").  Last, despite their repeated untimeliness,[1] the Court finds no evidence that Plaintiffs have not acted in good faith.  *See id.* (finding no evidence of "anything less than good faith" where delay resulted from counsel's "negligence and carelessness, not from deviousness or willfulness").

---

[1] In support of its argument, NWTS reminds the Court that in response to NWTS's motion to dismiss, Plaintiffs, without leave of the court, filed a late response, ECF No. 48 at 3 n.2 (citing ECF Nos. 21; 22), and Plaintiffs failed to respond to Chase's motion for summary judgment. *Id.* (citing ECF No. 43 at 2).

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT ~ 6

1    Therefore, the Court denies NWTS's request to strike Plaintiffs' response brief as

2    untimely.

3        **b. Responsiveness**

4        NWTS also argues the Court should strike Plaintiffs' brief as non-

5    responsive.  *See* ECF No. 48 at 2-3.  NWTS claims Plaintiffs brief is non-

6    responsive because it "merely restate[s] the exact same response argument as was

7    presented in response to NWTS' motion to dismiss."  *Id.*

8        The Court agrees that the majority of Plaintiffs' brief does not address the

9    issue of whether NWTS is entitled to summary judgment on Plaintiff's remaining

10    declaratory relief claim.  In their Response, Plaintiffs readdress and submit

11    arguments in support of their dismissed claims for violation of the Consumer

12    Protection Act and the Washington Deed of Trust Act.  *See* ECF No. 47 at 5-10.

13    The Court dismissed these claims in its March 27, 2015 order.  *See* ECF No. 25.

14    The Court provided Plaintiffs leave to amend its Consumer Protection Act claim

15    within 14 days of the order.  Plaintiffs did not submit an amendment to the Court.

16    Because these claims were previously dismissed, the Court will not consider

17    Plaintiffs' arguments regarding these dismissed claims in its determination of the

18    instant motion.

19        However, Plaintiffs also specifically respond to NWTS's argument for

20    summary judgment.  *See* ECF No. at 3-5.  Plaintiffs respond to NWTS's points and

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    provide supporting legal authority.  *Id.* at 4-5.  Accordingly, the Court denies

2    NWTS's request to strike Plaintiffs' brief as non-responsive, and will consider

3    Plaintiffs' arguments against summary judgment.

4    **II.    Defendant's Motion for Summary Judgment**

5                **a.  Standard of Review**

6        Summary judgment may be granted to a moving party who demonstrates "that

7    there is no genuine dispute as to any material fact and that the movant is entitled to

8    judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the

9    initial burden of demonstrating the absence of any genuine issues of material fact.

10   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the

11   non-moving party to identify specific genuine issues of material fact which must

12   be decided at trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

13       For purposes of summary judgment, a fact is "material" if it might affect the

14   outcome of the suit under the governing law.  *Id.* at 248.  A dispute concerning any

15   such fact is "genuine" only where the evidence is such that a reasonable factfinder

16   could find in favor of the non-moving party.  *Id.* at 248, 252 ("The mere existence

17   of a scintilla of evidence in support of the plaintiff's position will be insufficient;

18   there must be evidence on which the jury could reasonably find for the plaintiff.").

19   In ruling upon a summary judgment motion, a court must construe the facts, as

20   well as all rational inferences therefrom, in the light most favorable to the non-

1    moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[A] district court is not

2    entitled to weigh the evidence and resolve disputed underlying factual issues."

3    *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Only

4    evidence which would be admissible at trial may be considered. *Orr v. Bank of*

5    *Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

6         **b. Analysis**

7         NWTS argues it is entitled to judgment as a matter of law on Plaintiffs'

8    declaratory relief claim, because the two claims against Chase, upon which the

9    declaratory relief request was contingent, have been resolved in Chase's favor. *See*

10   ECF No. 44 at 6-9.

11        Previously, this Court denied NWTS's motion to dismiss Plaintiffs'

12   declaratory relief claim because NWTS would have no authority to foreclose on

13   the property if Plaintiffs proved either of their claims that (1) the promissory note

14   and deed of trust were never properly transferred to Chase, and thus, Chase lacks

15   any authority to foreclose on the property, or (2) Chase did not properly appoint

16   NWTS as successor trustee. ECF No. 25 at 15.

17        NWTS now argues that these claims have been resolved in Chase's favor,

18   and thus, the evidence does not show a genuine disputed issue of fact. *See* ECF

19   No. 44 at 6-7. (citations to record omitted) ("NWTS should be granted judgment

20   in its favor [] because the Court has held (1) Chase is the holder of the blank

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    indorsed note, and thus the beneficiary [,] (2) as holder and beneficiary, Chase has

2    the right to request the trustee to foreclose, and (3) the Borrower's unsupported

3    allegations that the Appointment of Successor Trustee was fraudulently executed

4    do not overcome the prima facie proof that indicates the Appointment of Successor

5    Trustee was properly executed with authority…").  NWTS contends that the

6    Court's decision and holdings in regard to Chase's motion for summary judgment

7    show Plaintiffs were unable to prove either of their allegations.  *Id.* at 8.  Based on

8    these holdings, NWTS argues the Court should grant its instant motion pursuant to

9    the "law of the case doctrine."  *Id.* at 7-9.

10        "Under the law of the case doctrine, a court is ordinarily precluded from

11   reexamining an issue previously decided by the same court[.]  For the doctrine to

12   apply, the issue in question must have been decided explicitly or by necessary

13   implication in the previous disposition."  *United States v. Jingles,* 702 F.3d 494,

14   499 (9th Cir. 2012) (citations and quotations omitted).  Importantly, "issues that a

15   district court determines during pretrial motions become law of the case."  *United*

16   *States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (quoting *United States v.*

17   *Phillips*, 367 F.3d 846, 856 (9th Cir. 2004)).  The doctrine "is founded upon the

18   sound public policy that litigation must come to an end."  *Id.* at 948 (quoting *Old*

19   *Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002)).  "This rule of practice

20   promotes the finality and efficiency of the judicial process by protecting against

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION FOR SUMMARY JUDGMENT ~ 10

the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quotations omitted).

Plaintiffs argue that the doctrine does not apply to the instant motion because the Ninth Circuit recently held that pre-trial rulings are not subject to the law of the case doctrine. ECF No. 47 at 4-5 (citing *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)). In *Peralta*, the issue was whether a denial of summary judgment constituted the law of the case. *See* 744 F.3d at 1088. The Ninth Circuit held that "the *denial* of a summary judgment motion is never law of the case because factual development of the case is still ongoing." *Id.* (emphasis added) ("Denial of summary judgment may result from a factual dispute at the time. That dispute may disappear as the record develops."). The Ninth Circuit also held that the law of the case doctrine *does not bar* district courts from reconsidering pretrial rulings. *Id.* (overruling *Fed. Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599 (9th Cir. 1991)) ("To the extent that *Scarsella Bros.* purported to hold that the law of the case doctrine bars district courts from reconsidering pretrial rulings, we overrule it."). Thus, the Ninth Circuit did not hold that the doctrine does not apply to pre-trial rulings, as Plaintiffs argue, but rather, that the doctrine does not bar district courts from reconsidering pretrial rulings. *See id.* ("It makes no sense … to say that if a district court realizes an earlier ruling was mistaken, it

1   can't correct it, but must instead wait to be reversed on appeal.  All that would do

2   is waste both the courts' and litigants' time and resources.").

3          In contrast, here, Chase was granted, not denied, summary judgment.  *See*

4   ECF No. 43.  Moreover, the Court recognizes it is not barred from reconsidering its

5   prior ruling.  Rather, the Court must determine whether it is appropriate to use its

6   discretion to apply the law of the case doctrine to the issues at hand.  *Smith*, 389

7   F.3d at 949 (internal quotations and citations omitted) ("The law of the case

8   doctrine is not an inexorable command, nor is it a limit to a court's power.  Rather,

9   application of the doctrine is discretionary."); *see also Milgard Tempering, Inc. v.*

10  *Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (internal citation omitted)

11  ("Application of the [law of the case] doctrine is discretionary.  Accordingly, we

12  review a trial judge's decision to depart from the principle of finality for an abuse

13  of discretion.").

14         The Court finds it is appropriate to apply the law of the case doctrine to the

15  instant motion.  None of the reasons for deviating from the doctrine apply here.

16  *See Old Person*, 312 F.3d at 1039 (internal quotations and citations omitted) ("The

17  law of the case doctrine is subject to the following exceptions: (1) the decision is

18  clearly erroneous and its enforcement would work a manifest injustice, (2)

19  intervening controlling authority makes reconsideration appropriate, or (3)

20  substantially different evidence was adduced at a subsequent trial.").

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION FOR SUMMARY JUDGMENT ~ 12

Additionally, Plaintiffs have failed to proffer any evidence establishing a genuine factual dispute as to whether Chase has the authority to foreclose on the subject property and whether Chase properly appointed NWTS as successor trustee.  In its July 31, 2015 Order, this Court found that Chase produced sufficient evidence showing (1) it is the holder of the note and also the beneficiary of the deed of trust encumbering the subject property, ECF No. 43 at 7, and (2) that the appointment of NWTS as successor trustee was properly executed with authority by Michelle M. Gill, Vice President of JPMorgan Chase Bank, N.A.  *Id.* at 11.  As such, this Court found that Chase has a right to request the trustee, NWTS, to foreclose the subject property.  *Id.* at 7.  Pursuant to the law of the case doctrine, NWTS is entitled to judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment (ECF No. 44) is **GRANTED.**

The District Court Executive is hereby directed to enter this Order, enter Judgment for Defendants, furnish copies to counsel, and **CLOSE** this case.

      **Dated** October 28, 2015.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT ~ 13