UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK W. BROPHY, and SUSAN A. BROPHY,<br><br>  Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.; and NORTHWEST TRUSTEE SERVICES, INC.,<br><br>  Defendants. | NO: 2:14-CV-0411-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE |

BEFORE THE COURT is Plaintiffs' Fed. R. Civ. P. 60(b) Motion to Vacate Judgment and Order (ECF No. 51). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and the files herein, and is fully informed.

## BACKGROUND

On April 28, 2015, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a motion to dismiss and/or for summary judgment. ECF No. 29. Plaintiffs'

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 1

response to Chase's motion was due by May 19, 2015. *See* LR 7.1(b). Plaintiffs did not file a response. On July 31, 2015, the Court granted Chase's motion. ECF No. 43.

On August 19, 2015, Defendant Northwest Trustee Services, Inc. ("NWTS") filed a motion for summary judgment. ECF No. 44. On October 7, 2015, Plaintiffs filed a late response. ECF No. 47. On October 28, 2015, the Court granted NWTS's motion (ECF No. 49), and entered final judgment in favor of Chase and NWTS. ECF No. 50.

Plaintiffs now move the Court to vacate the orders and judgment in favor of Chase and NWTS pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 51. Chase filed a response in opposition. ECF No. 52. NWTS filed a motion to join in Chase's stated opposition.[1] ECF No. 54.

### DISCUSSION

Plaintiffs argue they are entitled to Rule 60(b) relief because their unique circumstances directly impacted this case. In support, Plaintiffs claim Mr. Brophy was unavailable for coordination and communications with counsel from June 4, 2015 through October 4, 2015. ECF No. 51 at 2. During this time, Plaintiffs claim

---

[1] The Court grants this motion and recognizes, for the same reasons as stated in Chase's opposition, NWTS opposes Plaintiffs' motion.

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 2

Mr. Brophy's job with the U.S. Forest Service required he "work six days a week and 9-14 hours per day" on firefighting operations in California, Nevada and Oregon. *Id.* Plaintiffs assert his schedule "did not allow him to return to Spokane at any time during that time period or to be in regular communication with counsel." *Id.* Plaintiffs argue these "extraordinary duties Mr. Brophy was required to perform" directly impacted this case. *Id.* at 3.

Federal Rule of Civil Procedure 60(b) provides:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying its prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs' motion is based upon subsection one and six. *See* ECF No. 51 at 3-4. However, "[t]hese provisions are mutually exclusive," and thus a party who failed to take action due to excusable neglect may not seek relief by resorting to subsection six. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 3

Because the circumstances described by Plaintiffs sound of neglect, the Court finds a Rule 60(b)(1) analysis is appropriate. Under Rule 60(b)(1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. A Rule 60(b)(1) motion must be made within a "reasonable time" and no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Here, a balancing of the Rule 60(b)(1) factors weigh against granting Plaintiffs' instant motion. First, Plaintiffs make no effort to discuss the first two factors and have not established that Chase and NWTS would not be unduly prejudiced or that this litigation would not be adversely impacted if the judgment is vacated. The Court finds the adverse effect on the Defendants and the litigation would be significant if Plaintiffs' instant motion was granted. The present action is the second time the Plaintiffs have sued the Defendants on these claims in this Court. In the first action, the Court granted Plaintiffs' motion for voluntary dismissal and the case was dismissed without prejudice on August 22, 2014. *See Brophy v. JP Morgan National Association, et al.*, case no. 2:13-CV-0293-TOR,

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 4

1  ECF Nos. 66, 67.  Plaintiffs initiated this action three months later.  *See* ECF No. 1
2  at 2 (Notice of Removal stating Plaintiffs filed the instant action in Spokane
3  County Superior Court on or about October 27, 2014).  Principles of equity prevent
4  Plaintiffs from once again litigating claims that they have twice failed to litigate
5  properly.

6  Second, Plaintiffs do not provide a legitimate reason for the delay.  The
7  proffered reason, that Mr. Brophy was unavailable to communicate and coordinate
8  with counsel, does not adequately explain why counsel did not request extensions
9  of time from the Court or instead communicate and coordinate with Mrs. Brophy
10 while Mr. Brophy was away.  Moreover, according to Plaintiffs, Mr. Brophy's
11 unavailability began on June 4, 2015, *see* ECF No. 51 at 2, several weeks after
12 their May 19, 2015 deadline to respond to Chase's motion for summary judgment.
13 Also, Plaintiffs did file a response, albeit a late response, to NWTS's motion for
14 summary judgment on October 7, 2015, *see* ECF No. 47, three days after Mr.
15 Brophy's return, *see* ECF No. 51 at 2, allowing counsel time to coordinate with her
16 clients.

17 Last, the Court finds that even if Plaintiffs have acted in good faith, this is
18 not sufficient to tip the balance of factors in their favor.  Thus, Plaintiffs' motion is
19 denied.
20 ///

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion to Vacate Judgment and Order (ECF No. 51) is **DENIED**.

2. Defendant Northwest Trustee Services, Inc.'s Motion for Joinder (ECF No. 54) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**Dated** December 23, 2015.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' MOTION TO VACATE ~ 6